*229 The opinion of the Court was delivered by
Wardlaw, J.
The observations which have just been made in the case of McKenzie, Cadow & Co., against this defendant, apply to this case, except that here no reason for a withdrawal of the ca. sas. from the sheriff can be found in proceedings against bail; for there were no such proceedings, and could not properly have been until after Fall Term, 1855, which was the first term after the lodgment of ca. sas. by these plaintiffs. But it is seen in this case that the writing, called a return, on each of the ca sas., was made by the sheriff October 26, 1855; that Enoch Tryon returned to the district October 27, and the Fall Term commenced October 29. It was fairly argued, and may well have been believed by the jury, that Mr. Oaston, anticipating the return of Enoch Tryon, and not desiring his arrest in satisfaction of the plaintiffs, caused the sheriff to make on each ca. sa. what he considered a return, that at the Fall Term, then at hand, would fix the bail, and withdrew the ca. sas., to have them in readiness for proceeding against the bail, whenever such proceeding promised a beneficial result. This proceeding might have been delayed for a long time, and if Enoch Tryon had not been rendered by bis bail, it would probably have been successful, whenever afterwards he left the State.
The order to wait, put on each ca. sa., was probably put after the withdrawal, and intended to make sure of the sheriff’s non-interference, or to quiet his anxiety. There is no plausible reason, that can be sugested, why the order to wait should have been put on either of the ca. sas. when it was first lodged; then E. Tryon was out of the State, the lodgment could have had no purpose but "to fix bail by the return of non est inventus, and that purpose would have been defeated by an order that forbade such return. There is an entire absence of evidence that either of the ca. sas. was ever in the hands of the sheriff after the 26th day of October, 1855, —the return on each was proved before the clerk, — all of *230 them have been adduced by the plaintiffs, and the orders written upon them by Mr. Oaston yet stand as if unrevoked. The circumstances are here, as in the other case, such as fairly justified the jury in finding such facts in relation to the ca.sas. as showed that neither of them was an effective process for the arrest of Enoch Tryon in the hands of the sheriff, at any time between his render and .his escape.
The 7th ground, the first additional one in this case, questions the propriety of an .instruction, which was here material, in’considering the probable views of Mr. Caston. This Court concurs with the presiding Judge in holding that the entry on a ca. sa. of non est inventus, made October 26, became on the first day of the following term, October 29, (which was the first term after the lodgment,) a good return to fix the bail. It -is decided in Ancrum vs. Sloan, 1 Rich. 421, that a return of non est inventus, made by the sheriff during the vacation, in which a ca. sa. is lodged, will not fix the bail, so as to authorize proceedings against them returnable to the next term; that is, to the first term after the lodgment of the ca. sa. The earliesj return day of the ca. sa. is properly the first day of the term next after its lodgment, and one term must intervene between its lodgment, and the commencement of proceedings against the bail. But it is not to be understood that the labor of writing out the returns on the very day when they become effective — the first day of the term — is required. A return, written before, becomes effective when the return day • arrives. This is especially true in reference to the return of non est inventus for fixing bail, because the lodgment of the ca. sa. is intended only as notice to the bail, and whether the sheriff could or could not have actually obeyed the mandate of the ca. sa., by arresting the principal, is immaterial, if he makes the return of non est inventus.
As to the 8th ground, also additional, it will be perceived, that if the sheriff had kept Enoch Tryon in the strongest cell of the jail, and under an oppressive load of chains, the escape *231 would still have been deemed at least negligent. It is only then as affecting the punitive damages, which should have been awarded against the sheriff' for neglect of his duty, that remarks, concerning the putting of debtors into the felon’s cell, could have been influential. Thomas Baskin advised the use of the cell only if indications, of E. Tryon’s intention to escape should be seen. When neglect of dhty deserving of punishment was imputed to the sheriff, because in the absence of any indication of E. Tryon’s intention to escape, this advice was said to have been disregarded by forbearance to put the debtor into the cell, the 37th sect, of the Sheriff’s Act suggested the expression" of opinion that, without strong circumstances of excuse, a sheriff would be liable to punishment, who should put a debtor into a cell set apart for felons. It is true, that the section referred to, by its letter, subjects to punishment only the violation of its requisition, that prisoners for- debt and felons shall be kept “in separate apartments of the jail:” but a sheriff who so far regards the spirit of the enactment as to refrain, without special excuse, from subjecting a debtor to the severities of a cell designed for felons, even when no felon is there, does not for that deserve punishment. To this opinion, remarks of the circuit Judge may have contributed to bring the jury; and if they did, the opinion is not one which can be justly complained, of.
The motion is dismissed.
O’Neall, G-loyer, and Munro, JJ., concurred.

Motion dismissed.